IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-50614
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFERY ALAN LEROY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. P-00-CR-65-1
_____

May 21, 2001

Before POLITZ, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Jeffery Alan Leroy appeals his conditional guilty plea conviction for

possession with intent to distribute a quantity of marihuana. He contends that the

district court erred in denying his motion to suppress, asserting that the traffic stop

resulting in his arrest violated the Fourth Amendment.

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

In reviewing a trial court's ruling on a motion to suppress we review questions of law <u>de novo,</u> and we accept factual findings unless they are clearly erroneous,[1] or influenced by an incorrect view of the law.[2]  All relevant evidence is viewed in the light most favorable to the prevailing party, in the instant case the government.[3]

To establish reasonable suspicion, the acting officer must identify specific, articulable facts, and reasonable inferences therefrom, that reasonably warrant a suspicion that a specific vehicle is involved in illegal activity.[4]  Consideration of the relevant factors herein, viewed in the totality of the circumstances and in the light most favorable to the prosecution, persuades that there was reasonable suspicion for the constitutionally challenged stop of Leroy's vehicle.

Accordingly, the judgment appealed is AFFIRMED.

---

[1]<u>United States v. Castro</u>, 166 F.3d 728 (5th Cir.)(en banc), <u>cert. denied</u>, 528 U.S. 827 (1999),

[2]<u>United States v. Muniz-Melchor</u>, 894 F.2d 1430 (5th Cir. 1990).

[3]<u>Castro</u>, 166 F.3d at 731.

[4]<u>United States v. Cortez</u>, 449 U.S. 411 (1981); <u>United States v. Brignoni-Ponce</u>, 422 U.S. 873 (1975).